# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYRONE D. SCOTT,
    Appellant,

DOCKET NUMBER
SF-0752-16-0596-I-1

v.

DEPARTMENT OF THE ARMY,
    Agency.

DATE: July 27, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tyrone D. Scott, Biloxi, Mississippi, pro se.

Inam Rabbani, APO, AP, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's claims of whistleblower retaliation to the Western Regional Office for docketing as a new individual right of action (IRA) appeal.

¶2 The agency imposed the appellant's removal due to the expiration of his overseas tour and his failure to remain eligible for its Priority Placement Program. Initial Appeal File (IAF), Tab 16 at 125-26. On the day that the agency issued its decision, the appellant filed a complaint with the Office of Special Counsel (OSC) regarding, among other things, the removal action. IAF, Tab 3 at 8-31. Subsequently, he sent an email to OSC requesting to withdraw his complaint and OSC confirmed the withdrawal. *Id.* at 32, 65. He then filed the instant appeal challenging his removal. IAF, Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction because she found that the appellant made a binding election when he filed his OSC complaint. IAF, Tab 53, Initial Decision (ID).

¶3 The appellant has filed a petition for review, the agency has responded in opposition to the petition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 4-5. On September 23, 2016, after the record closed on review, the appellant submitted a motion in which he sought leave from the Board

to file an additional pleading.  PFR File, Tab 6.  The Board issued an order granting the appellant's motion and permitting him the opportunity to submit specific documentation.  PFR File, Tab 8.  The appellant filed the document specified in the Board's order, and the agency submitted a response to the order furnished by the appellant.[2]  PFR File, Tabs 9-10.

¶4      By statute, an appellant who has been subjected to an action appealable to the Board, and who alleges that he has been affected by a prohibited personnel practice in retaliation for whistleblowing under 5 U.S.C. § 2302(b)(8) or in retaliation for other protected activity under 5 U.S.C. § 2302(b)(9), may elect one, and only one, of the following remedies:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. chapter 12, subchapters II and III. 5 U.S.C. § 7121(g); *see Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 15 (2016); 5 C.F.R. § 1209.2(d)(1).  The remedy that the aggrieved employee seeks first is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums.  *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  In determining the appellant's election, the administrative judge must consider whether any election was knowing and informed.  5 U.S.C. § 7121(d), (g); *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013).

¶5      We agree that, despite his assertions to the contrary, the appellant failed to show nonreceipt of the first and fourth pages of the comprehensive notice of

---

[2] The appellant filed several subsequent motions for leave to file an additional pleading. PFR File, Tabs 13, 16, 18, 22, 27.  Because the Board is forwarding the appellant's claims of whistleblower retaliation to the regional office for docketing as a new IRA appeal, we find the additional evidence and argument he sought leave to submit, as described by the appellant in these motions, to be immaterial to the outcome of this appeal.  Accordingly, the appellant's motions for leave to submit additional evidence and argument on review are denied.

rights, included with the removal decision, which explained the binding nature of an initial election of remedies. ID at 5-6. Thus, we also agree that he did not show that his election to file an OSC complaint was not knowing and informed. *Id.* Accordingly, we affirm the administrative judge's decision to dismiss this appeal for lack of jurisdiction.

¶6      However, we forward the appellant's claims of whistleblower retaliation for docketing as an IRA appeal. On September 27, 2016, the appellant submitted a previously unavailable OSC closeout letter, dated September 22, 2016, which addressed his allegations regarding several agency actions, including his removal. PFR File, Tab 9 at 34-36. As the appellant may now have become entitled to bring an IRA appeal, we forward his whistleblower retaliation claims to the Board's Western Regional Office for docketing and adjudication as a new IRA appeal as to the matters raised therein. 5 U.S.C. §§ 1214(a)(3), 1221(a); 5 C.F.R. § 1209.5(a). After docketing the appeal, the administrative judge should apprise the appellant of the jurisdictional requirements for filing an IRA appeal. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.